PER CURIAM.
In this attorney disciplinary proceeding against Respondent James A. Baccus we have considered the report and recommendations of the Referee, Stanley B. Richard, which we approve in modified form, as hereinafter explained.
As stated by the Referee, the undisputed facts are as follows:
“A. The Respondent’s wife, at the request of the Respondent, signed the name of Diane D. McWeeny to a note and mortgage encumbering property of the said Mrs. McWeeny ....
“B. The Respondent secured the acknowledgment of the purported mortgagor by directing John McGowan, a Notary Public of the State of Florida, to take the acknowledgment, although the document was not signed in the presence of the said John McGowan and the Respondent knew it was not signed by the said Diane D. McWeeny ....
“C. The Respondent caused said mortgage to be filed in the Public Records of
Dade County, Florida, on February 5, 1970, and it appears in said records in Official Records Book 6747 at page 510.
“D. Said note and mortgage were issued in favor of Sydell Singer and was used by the Respondent to secure from the mortgagee the sum of $5,900.00, which was retained by the Respondent for his own use.
“E. In the Criminal Court proceedings above mentioned the Respondent was charged in three counts, as follows: Count I — Grand larceny against an individual; Count II — Forgery taking place over a period of a month and a half; Count III — Uttering a forged instrument .... The Criminal Court trial transcript is silent as to the disposition of Counts I and II, but it is believed that either Respondent was found not guilty or these counts were abandoned. The jury then found the Respondent guilty of attempting to utter a false instrument .... On the defendant’s motion for a new trial the Court, on May 31, 1973, vacated the findings of guilty and transferred the case to the County Court upon the ground that this matter was concerned with a misdemean- or and was not within the jurisdiction of the Circuit Court Criminal Division. Thereafter, the Respondent was charged with attempting to utter a forged instrument between December 1, 1969 and February 1, 1970. Upon a motion to dismiss made on behalf of the Respondent, the Court did, on October 31, 1973, grant said motion and dismissed the charge. No further criminal proceedings were had thereafter.”
As the Referee pointed out, Respondent asserts that he did not intend to commit any wrongful act and that no one was damaged by his actions. To support his position, Respondent submitted the following assertions to the Referee:
“1. Respondent had entered into a contract to buy said property from said Di *276 ane D. McWeeny prior to his causing said mortgage to be made and that he did purchase said property, acquiring the title to it subsequent to the time of the aforesaid mortgage transaction.
“2. That he had the verbal authority of Diane D. McWeeny to execute said note and mortgage in her name, which Mrs. McWeeny denies ....
“3. Notary McGowan states that, at the request of the Respondent, he telephoned Mrs. McWeeny for authorization to take her acknowledgment and that she granted such authorization. Mrs. McWeeny denies this ....
“4. Respondent verbally guaranteed payment of the mortgage obligation to the mortgagee ....
“5. Respondent made full payment of said mortgage obligation and secured a satisfaction from the mortgagee, placing it of record.”
In spite of Respondent’s defense, the Referee recommended that he be found guilty of inducing his wife to forge the signature of another on a note and mortgage without the knowledge or consent of such person, to-wit, of causing the uttering of a forged instrument. In addition, the Referee recommended that Respondent be found guilty both of wrongfully securing funds from another by use of such forged instrument and of inducing a Notary Public to take an acknowledgment of a person while knowing that such person had not in fact executed such an instrument.
The Referee made the following recommendation as to disciplinary measures to be applied:
“I recommend that.the Respondent receive a public reprimand and be placed on probation for a period of two years as hereinafter provided. During the period of probation, I would recommend that the Respondent be required to take appropriate law school courses in real estate and mortgage transactions, and be further required to study the Integration Rule of The Florida Bar. Further, during said probationary period, Respondent should be obliged to make periodic reports to The Florida Bar of the matters he has handled and the manner in which he has handled them. The results of his courses of study at the law school should be provided by the instructors to The Florida Bar. Upon The Florida Bar finding that the Respondent had a better understanding of the handling of real estate and mortgage transactions and of the Integration Rule of The Florida Bar, recommendation should then be made to the Court that the probation be terminated.”
We have carefully examined the record in this case and find sufficient facts in it to justify the Referee’s finding of guilt. We adopt the Referee’s disciplinary measures subject to the condition that, instead of taking law school courses in real estate and mortgage transactions during the probationary period, Respondent is ordered to complete, in a satisfactory manner, at least one course in real property law offered by the Continuing Legal Education program of The Florida Bar and submit proof of same to the Bar.
Therefore, it is ordered that Respondent, James A. Baccus, be and he is hereby publicly reprimanded for the misconduct reported herein. The publication of this order and judgment shall constitute public reprimand.
Furthermore, it is hereby ordered that Respondent be placed on probation for a period of twenty-four months, commencing on February 11, 1976, and as an incident to probation, Respondent shall be required to file quarterly reports as to the status of all representations undertaken by him; that these reports are to be filed with the Clerk of the Supreme Court of Florida with a copy to the staff counsel of The Florida Bar; that the first report shall be filed ninety (90) days subsequent to the date of this Order.
*277 It is further ordered that the costs of these proceedings incurred by The Florida Bar in the amount of $430.30 are taxed and assessed to Respondent.
It is so ordered.
ROBERTS, Acting C. J., BOYD, OVERTON and ENGLAND, JJ., and DRURY, Circuit Judge, concur.